IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ACUTE CARE SPECIALISTS II, LTD., GREGORY W. JACKSON and NORA A. JACKSON, ALAN W. KAPLAN and MARCIA KAPLAN, ANTHONY C. RACCUGLIA and JUDITH A. RACCUGLIA, JOSEPH SHANAHAN and JOANN SHANAHAN, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 11 C 465 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Acute Care Specialists II, Ltd. (Acute Care) and eight other taxpayers have sued the United States seeking refunds of income tax and interest. Plaintiffs claim that the Internal Revenue Service (IRS) improperly assessed taxes and interest against them after the statutory period for doing so had expired and/or under an improper theory of liability. The government has moved to dismiss all of plaintiffs' claims. For the reasons stated below, the Court grants the motion.

### Background

The following facts are taken from the plaintiffs' complaint, documents referred to in the complaint, and the parties' memoranda of law. The Court construes all facts in the complaint favorably to the plaintiff when considering a motion to dismiss. *Graczyk v. West Pub. Co.*, 660 F.3d 275, 279 (7th Cir. 2011). The Court may take judicial notice

of the contents of public court documents without converting a motion to dismiss into a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). The Court may also take judicial notice of "proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue." *Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983).

**A.     TEFRA**

Although partnerships are required to file informational tax returns, they are not themselves liable for income tax. "Instead, a partnership is treated as a conduit through which income passes to its partners, who are responsible for reporting their pro rata share of tax on their individual income tax returns." *Duffie v. United States*, 600 F.3d 362, 365 (5th Cir. 2010). Congress enacted the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) in order to "achieve consistent treatment of all partners in a partnership and to alleviate the administrative burden of determining partnership related tax issues at the individual partner level." *Matthews v. United States*, No. 00 C 4131, 2010 WL 2305750, at *1 (S.D. Tex. June 8, 2010).

> TEFRA was designed to streamline the process that takes place when the IRS reviews a partnership return and disputes some aspect of it. . . . Rather than undertake an arduous series of partner-by-partner audits, as had previously been required, TEFRA allows for a single, unified audit to determine the treatment of "partnership items" for all the partners. These are items whose treatment affects the entire partnership, and so analyzing them at the partnership level makes more sense than doing so partner-by-partner. Under TEFRA, the IRS performs its audit of the partnership return and then transmits a notice of any required adjustments to each of the partners.

*Bush v. United States*, 655 F.3d 1323, 1324-25 (Fed Cir. 2011) (internal citations omitted). TEFRA allows the IRS to adjust partnership items "at a singular proceeding,

2

and then subsequently assess all of the partners based on the adjustment to that particular item," rather than conducting "individual 'partner level' proceedings for each member of a partnership." *Prati v. United States*, 81 Fed. Cl. 422, 427 (Fed. Cl. 2008).

The "partnership items" that the IRS may determine at the partnership level are defined as "any item required to be taken into account for the partnership's taxable year under any provision of Subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of [Subtitle F], such item is more appropriately determined at the partnership level than at the partner level."[1] 26 U.S.C. § 6231(a)(3). Treasury regulations provide that these items include gains, losses, deductions, and credits of a partnership, as well as the "legal and factual determinations that underlie the determination of the amount, timing, and characterization of items of income, credit, gain, loss, deduction, etc." 26 C.F.R. § 301.6231(a)(3)-1.

TEFRA also defines a "nonpartnership item" as "an item which is (or is treated as) not a partnership item." 26 U.S.C. § 6231(a)(3). The tax treatment of these items requires "partner-specific determinations that must be made at the individual partner level." *Duffie*, 600 F.3d at 366. Finally,

> TEFRA also includes a hybrid category of "affected items." An "affected item" is "any item to the extent such item is affected by a partnership item." 26 U.S.C. § 6231(a)(5). For example, a taxpayer-partner's medical expense deduction under 26 U.S.C. § 213(a) is an "affected item." Because a taxpayer can only deduct medical expenses to the extent those expenses exceed 7.5% of adjusted gross income, a change in the partnership's income affects the amount of the partner's deduction. Affected items can have both partnership-item and nonpartnership-item components. For example, determining a limited partner's "amount at risk"

---

[1] Subitle A of the Internal Revenue Code generally establishes what forms of income are taxed. Subtitle F establishes rules for "Procedure and Administration," including tax treatment of partnership items.

3

> for purposes of 26 U.S.C. § 465 may require a partnership-item determination of the amount of partnership debt and a nonpartnership-item determination of the amount of that debt assumed by the limited partner.

*Id*.

After examining the partnership's tax return to determine whether all partnership items are properly categorized and accounted for, the IRS may adjust those items it finds to be invalid.

> If the IRS decides to adjust any partnership items on a partnership's informational income tax return, it must notify the individual partners of the adjustment by issuing a Notice of Final Partnership Administrative Adjustment ("FPAA"). A Notice of FPAA sets out the proposed adjustments, e.g. disallowing all or part of the partnership's deductions, and lists the grounds for the adjustments. For ninety days after a notice of FPAA issues, the Tax Matters Partner [("TMP")] has the exclusive right to challenge the proposed adjustments in Tax Court, the Court of Federal Claims, or a United States District Court. 26 U.S.C. § 6226(a). If the TMP does not file suit challenging the proposed adjustments within this period, other partners have sixty days to file a petition for readjustment. *Id*. § 6226(b)(1). If a partnership level challenge is filed, each partner in the partnership is deemed a party to the case. 26 U.S.C. § 6226(c)(1).

*Id*. at 366-67 (internal citations omitted). "A tax matters partner is the partner designated to act as a liaison between the partnership and the IRS in administrative proceedings and as the representative of the partnership in judicial proceedings." *Id*. at 366 n.1.

Under a statutory provision formerly codified at 26 U.S.C. § 6621(c), the IRS imposed additional interest when making an adjustment based on "substantial underpayments attributable to tax motivated transactions." The statutorily defined tax motivated transactions (TMTs) included "any sham or fraudulent transaction." *Id*. at 6621(c)(3)(A)(v). Section 6621(c) was repealed in 1989, but plaintiffs do not dispute that it was in effect during the years for which the IRS applied it to them.

4

**B. Facts**

> In the early 1980s, [American Agri-Corp (AMCOR)] organized a number of limited partnerships for which it acted as general partner. These partnerships had as stated goals acquiring agricultural land, investing in agricultural ventures, and growing crops. AMCOR solicited investments from high-income professionals across the country. Each partner in an AMCOR partnership would receive a projected tax loss from crops planted in the first year of roughly twice that partner's investment. Investors paid the farming expenses up front and deducted the amount invested on their tax returns. The next year, when the crops were harvested, the amount of loss in excess of the amount invested would be subject to taxes. However, the farming expenses typically exceeded any income realized from the farming activities. In 1987, the IRS began an investigation and audit into the AMCOR partnerships to determine whether they were impermissible tax shelters.

*Duffie*, 600 F.3d at 367. "In *Crop Associates–1986 v. Comm'r of Internal Revenue*, T.C. Memo 2000–216, 2000 WL 976792 (U.S. Tax Court 2000), the court found that from its inception in 1981 until 1986, AMCOR was engaged in the business of promoting tax shelter partnerships." *Id*. at 367 n.3.

Plaintiffs Acute Care, Gregory Jackson, Alan Kaplan, Anthony Raccuglia, and Joseph Shanahan were each limited partners in one or more of four AMCOR partnerships: Agri-Cal Venture Associates (ACVA), Agri-Venture II (AV2), Agri-Venture-85 (AV85), and Western Agri-Venture Associates (WAVA).[2] For the tax years 1984 through 1986, each of these partnerships timely filed one or more IRS Form 1065 partnership tax returns that was later the subject of an IRS audit. All of the plaintiffs timely filed income tax returns reflecting their limited partner status for the years during which they were involved with the partnership(s).

---

[2] Plaintiffs Nora Jackson, Marcia Kaplan, Judith Raccuglia, and Joann Shanahan were not limited partners. They are plaintiffs in this case because their husbands were limited partners. Each couple filed a joint tax return for the relevant years.

In the course of investigating the AMCOR partnerships, the IRS issued FPAAs for ACVA and WAVA in 1990 and for AV2 and AV85 in 1991, disallowing several listed farming expenses for 1984 and/or 1985 as well as other deductions. Each FPAA stated that the partnership's activities constituted "a series of sham transactions" or "a series of sham transactions lacking economic substance," in addition to other grounds for adjustment.

Various partners filed suit in Tax Court pursuant to section 6226(b), challenging the proposed adjustments set forth in the FPAAs. The ACVA case was consolidated with six other Tax Court cases and designated as the "Test Case Group," while AV2, AV85, and WAVA were consolidated with seventy-six other cases. Fred Behrens, an AMCOR officer and general partner, intervened as the TMP for these four partnerships and most of the others. Behrens and the IRS eventually agreed to a trial for the Test Case Group, during which the judge would decide, among other things, the question of whether the IRS had assessed liability after the statute of limitations had expired. In preparation for this trial, on December 6, 1999, parties to each of the cases, including the four partnerships involving plaintiffs, filed documents entitled "Stipulation to Be Bound." These documents include the following statement:

> The parties stipulate and agree that the outcome of the statute of limitations issues [for the specified year or years] presented in this Partnership Case will be determined in a manner consistent with the Court's findings of fact and law on the statute of limitations issues present in the Test Case Group case of Agri-Venture Associates, Docket No. 15047-91.

Pls.' Resp., Ex. 4 ¶ 7.

During the trial, five of the partnerships in Test Case Group raised the affirmative defenses that the section 6229(a) limitations periods had expired before the IRS issued

their respective FPAAs. The judge held that one FPAA was not time-barred "because the partnership return . . . was not a valid return and, accordingly, did not trigger the statute of limitations under" section 6229(a). *Weiner v. United States*, 255 F. Supp. 2d 624, 629 (S.D. Tex. 2002) (citing *Agri-Cal Venture Assoc. v. Comm'r of Internal Revenue*, 80 T.C.M. (CCH) 295 (2000)). "The Tax Court also held that the FPAAs for tax year 1985 were not time-barred because the partnerships had extended the time for the IRS to issue FPAAs." *Id*.

On April 16, 2001, after the Test Case Group trial, the IRS filed motions for entry of decisions in both sets of consolidated cases. The motions stated that the IRS and the TMP had "reached contingent agreement with respect to all of the disputed partnership items at issue" and that upon entry of decision, all partners would be "bound by the determination of the partnership items set forth therein," contingent upon entry of decision by the court. Pls.' Resp., Ex. 6 ¶¶ 8-9. The motions also stated that once decisions were entered, the IRS would make assessments that could include penalty interest under section 6621(c). *Id*. ¶ 20.

The tax court entered decisions for all four partnerships at issue in this case on July 19, 2001. Each decision included a paragraph stating

> [t]hat the foregoing adjustments to partnership income and expense are attributable to transactions which lacked economic substance, as described in former I.R.C. 6621(c)(3)(A)(v), so as to result in a substantial distortion of income and expense, as described in I.R.C. 6621(c)(3)(A)(iv), when computed under the partnerships' cash receipts and disbursements method of accounting.

Pls.' Resp., Ex. 7 at 3. The IRS then assessed tax, interest, and section 6621(c) interest against all plaintiffs, who timely paid the assessments. Each plaintiff later filed a refund claim with the IRS, but the IRS has not acted on their claims. Plaintiffs then

7

brought this lawsuit, claiming that both the tax and the interest were improperly assessed and seeking its return.

## Discussion

Although the government does not specify the rule under which it seeks to dismiss plaintiffs' lawsuit, the Court construes its motion as one brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs may defeat the motion if their complaint "alleges enough facts to render the claim facially plausible, not just conceivable." *Fednav Intern. Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 837 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

Plaintiffs make two central contentions in their complaint: the assessment against them was barred by statute of limitations, and the imposition of section 6621(c) penalty interest against them was improper. The government makes two legal arguments in response to both claims: the claims are precluded under the doctrine of claim preclusion, and the court lacks subject matter jurisdiction to review either of them.

For the following reasons, the Court concludes that it lacks subject matter jurisdiction over both of plaintiffs' claims. The Court therefore need not address the claim preclusion argument.

Plaintiffs also raise a third claim over which the government does not dispute that the Court has subject matter jurisdiction. The Court concludes, however, that this claim is barred by the statute of limitations.

**A.  Statute of limitations**

In general, the time by which the IRS must make an assessment against a

8

taxpayer is governed by 26 U.S.C. § 6501, which provides a "default assessment period of three years after [the taxpayer's] return is filed." *Rowland v. United States*, No. 07 C 18, 2011 WL 2516170, at *7 (N.D. Tex. June 22, 2011). Section 6501 contains various exceptions to this rule, however, including subsection (n)(2), which states, "For extension of period in the case of partnership items . . . see section 6229." 26 U.S.C. § 6501(n)(2).

> Section 6229 provides:
>
> (a) General rule. –Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of–
>
>> (1) the date on which the partnership return for such taxable year was filed, or
>>
>> (2) the last day for filing such return for such year (determined without regard to extensions).
>
> (b) Extension by agreement.
>
>> (1) In general. –The period described in subsection (a) (including an extension period under this subsection) may be extended–
>>
>>> (A) with respect to any partner, by an agreement entered into by the Secretary and such partner, and
>>>
>>> (B) with respect to all partners, by an agreement entered into by the Secretary and the tax matters partner (or any other person authorized by the partnership in writing to enter into such an agreement),
>>
>> before the expiration of such period.

*Id.* § 6229(a)-(b). If the partnership does not file a return, "any tax attributable to a partnership item (or affected item) arising in such a year may be assessed at any time." *Id*. § 6229(c)(3).

9

Plaintiffs' complaint alleges as follows for each of the partnerships for which the statute of limitations is at issue:

> The assessment of tax and interest was made after the statute of limitations had already expired. . . . The assessment related to the partnership was made more than three years after the partnership return was filed.  The settlement upon which the assessment was based was solicited by the IRS and entered into by the Tax Matters Partner <u>after</u> the statute of limitations had expired.  An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period."

Am. Compl. ¶ 29A.

The government contends that the Court lacks subject matter jurisdiction over the statute of limitations issue because of 26 U.S.C. § 7224(h), which provides, "No action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3))."  According to the government, consideration by the Court of the plaintiffs' assertions about the absence of a valid written agreement under section 6229(d) extending the statutory period for assessment or settlement would require the Court to make a determination of what the partnership did.  The results of this determination would affect all partners equally.  In short, determining whether the partnership agreed to extend the limitations period requires analysis of a partnership item.  *See Keener v. United States*, 551 F.3d 1358, 1362-64 (Fed. Cir. 2009).  That, the government contends, is something that section 7422(h) bars.

Plaintiffs evidently anticipated this argument.  They state in their complaint that "[t]he claim is not barred because the claim does not seek a change in the 'treatment of partnership items.'"  Am. Compl. ¶ 29A.  In support of this conclusory contention, plaintiffs argue that section 6229(a) is only a possible extension of the baseline statute of limitations set out by section 6501, rather than a separate and independent

10

limitations period.  *See Weiner*, 389 F.3d at 156.  Plaintiffs appear to argue that, because the section 6501 limitations period begins to run when an individual partner files his or her tax return, the determination of the combined sections 6501-6229(a) limitations period is a "partner-level" determination that is based only on the date of the individual partner's filing.  Therefore, according to plaintiffs, their claim that the settlement and assessment occurred outside of this period is not a partnership-level claim and is not barred by section 7422(h).

The Court agrees that sections 6501 and 6229(a) operate in tandem.  *See Prati v. United States*, 603 F.3d 1301, 1307 (Fed. Cir. 2010).  Because of this connection, however, the date a taxpayer files under section 6501 is inextricably linked to the question of when a partnership return was filed under section 6229(a).  Therefore, section 7422 "bars consideration of a taxpayer's § 6501 limitations issue in a refund proceeding where, as here, the United States asserts § 6229(a)."  *Matthews*, 2010 WL 2305750, at *4 (citing *Prati*, 603 F.3d at 1307).

The Court also agrees with the government that "because the limitations argument that is the basis of the refund claim requires determining whether the assessment period was extended by § 6229(b)(1)(B) and (c)(3), and these determinations are of partnership items, subject matter jurisdiction is lacking under § 7422(h)."  *Rowland*, 2011 WL 2516170, at *9.  Inquiries as to whether there was an agreement between the TMP and the IRS and of whether a partnership filed a return do "not vary from partner to partner" and are therefore partnership items.  *Id*.

> Every court of appeals to consider whether a partner can assert a limitations
> defense common to the partnership has held that the claim must be asserted in

11

> the partnership proceedings. . . . Every court to consider contentions similar to those [plaintiff] raises, that a refund suit based on a limitations argument under § 6501 is different from a refund suit based on limitations under § 6229, has rejected the contentions. . . . No court has determined that framing a § 6229 argument as a § 6501 argument escapes § 7422(h)'s reach.

*Id*. at *10 (internal citations omitted) (collecting cases).

The Court agrees with the logic of these decisions. It therefore finds that it lacks subject matter jurisdiction over plaintiffs' claim for a refund based on the statute of limitations.

**B.    Liability for section 6621(c) enhanced interest**

Plaintiffs assert that, even if the statute of limitations does not bar the government actions, the assessments of enhanced interest against them under section 6621(c) were improper. Plaintiffs claim first that the basis for adjustments listed in the FPAAs "were independent of any basis that would have constituted" a TMT and that the section 6621(c) penalty is inapplicable if "taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were" attributable to TMTs. Am. Compl. ¶ 29E. Second, plaintiffs claim that the item adjustments were based only on amounts determined at settlement, which did not entail an agreement that the adjustments at issue were TMTs or were otherwise subject to section 6621(c).

The government again contends that the Court lacks subject matter jurisdiction under section 7422(h) because plaintiffs are seeking a refund for a partnership item. The parties agree that section 6621(c) enhanced interest is an "affected item" under section 6231(a)(5). The government argues, however, that affected items have both partnership and nonpartnership components. The nonpartnership-item component

12

concerns whether an individual partner's underpayment was "substantial" (meaning $1,000 or greater) and attributable to a partnership-level TMT. The partnership component is whether the partnership transaction at issue actually was a TMT. *See Duffie*, 600 F.3d at 378.

In response, plaintiffs cite *Field v. United States*, 328 F.3d 58 (2d Cir. 2003), in which the court held that because section 6621(c) interest is an affected item, it cannot be a partnership item under section 7422(h). The court in *Field* based its decision on the fact that section 7422(h) refers only to "partnership items," the definition of which, as provided by the Treasury regulations, does not include interest. The court also noted that the Tax Court had previously found similarly and that the parties in *Field* had agreed that section 6621(c) interest was not a partnership item.

In *Duffie*, the Fifth Circuit disagreed with *Field* and found that the plaintiffs' claim for a refund of their section 6621(c) interest was barred by section 7422(c). The court adopted the partnership/nonpartnership hybrid model of an affected item proposed by the government. It then found that the imposition of section 6621(c) interest was "attributable to the Tax Court's determination that the [partnership's] activities were sham transactions. . . . Because the nature of a partnership's activities – whether they are sham transactions – is the partnership-item component of an affected item, the . . . refund claim is based on the determination of a partnership item." *Duffie*, 600 F.3d at 383. The court found that the district court lacked subject matter jurisdiction, pointing out that "TEFRA's goal of uniformity is accomplished by channeling challenges to the adjustment of partnerships items into a single, uniform proceeding" and "would be

13

undermined if a partner . . . was able subsequently to challenge the partnership-level adjustments made in that proceeding in an individual refund action." *Id*. at 384.

The Court is persuaded that *Duffie* resolved the question correctly. Section 7422(h) does not bar only claims for refunds *of* partnership items, but rather claims *attributable to* partnership items. *Keener*, 551 F.3d at 1367-68. Both of plaintiffs' claims depend on factual allegations that concern the nature of the partnerships' agreements and are therefore common to all partners in each partnership. Plaintiffs do not appear to dispute this. Although plaintiffs do not come right out and say that the Court should find that the transactions at issue did not constitute TMTs, which would obviously implicate partnership items, they do argue that the Court should find that the partnerships' agreements with the IRS did not properly establish that TMTs occurred. That question is no less "attributable to partnership items" than the question of whether the underlying transactions were themselves TMTs. The Court concludes that it therefore lacks subject matter jurisdiction over this claim under section 7422(h).

## C. Timeliness of the Shanahans' 1986 claim

Plaintiffs argue that the IRS improperly assessed income tax against the Shanahans in 1986 in the amount of "$3,940.00 because the IRS applied the entire adjustment to Shanahan's distributive share of AV85 loss determined by the Tax Court as if he had not limited his claimed deduction under the 'at-risk' rules." Am. Compl. ¶ 106F. The government argues that this claim is time-barred.[3]

---

[3]Although the statute of limitations is an affirmative defense and therefore not typically a proper subject for a motion to dismiss, "the statute of limitations may be raised in a motion to dismiss if the allegations of the complaint itself set forth everything
(continued...)

14

According to the government, the Shanahans' claim is essentially that "the IRS erroneously computed the adjustment to their personal income tax liability that flowed from the decision of the Tax Court in the AV85 partnership proceeding on July 19, 2001." Def.'s Mem. at 13. The IRS made assessments against the Shanahans based on this adjustment on September 2, 2002, and the Shanahans filed a refund claim on August 26, 2004. The government argues that the refund claim was made after the statute of limitations had expired. A claim for a refund based on an erroneous computation must be brought within six months of the IRS's mailing of a notice of adjustment. 26 U.S.C. § 6230(c)(2)(A).

Plaintiffs argue that "[a] 'computational error' is a mathematical mistake" and that the Shanahans' claims are "not based on mathematical mistakes but on substantive issues including the IRS determination to include in its tax computation an adjustment for a deduction it acknowledged the Shanahans did not claim." Pls.' Resp. at 15. Therefore, they claim, they were subject to the general two-year statute of limitations for bringing a refund claim under 26 U.S.C. § 6511(a).

Plaintiffs cite no authority for their claim that "computational error" is defined solely as "mathematical mistake." The statutory language belies their contention. Section 6231(a)(6) defines "computational adjustment" as "the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item." 26 U.S.C. § 6231(a)(6). This definition says nothing about mathematical errors.

---

³(...continued)
necessary to satisfy the affirmative defense." *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (internal quotation marks and citation omitted).

Moreover, section 6230(c), which sets out the statute of limitations at issue, is entitled "Claims arising out of erroneous computations, etc." It is immediately preceded by section 6230(b), which is entitled "Mathematical and clerical errors appearing on partnership return" and which establishes a separate definition for such errors. The existence of this provision and definition indicates that Congress did not intend for "erroneous computations" to be synonymous with "mathematical and clerical errors" – if it did, it would not have used different words. *See United States v. Webber*, 536 F.3d 584, 593-94 (7th Cir.2008) (context will often reveal Congress' intent with respect to a particular statute) (citation omitted).

> Section 6230(c) establishes that a partner may file for a refund on the ground that
>
> (A) the Secretary erroneously computed any computational adjustment necessary–
>
> > (i) to make the partnership items on the partner's return consistent with the treatment of the partnership items on the partnership return, or
> >
> > (ii) to apply to the partner a settlement, a final partnership administrative adjustment, or the decision of a court in an action brought under section 6226 . . . .

26 U.S.C. § 6230(c)(1). Integrating the definition of "computational adjustment" from section 6231, this section indicates that if the IRS makes an error when changing a taxpayer's tax liability in order to properly reflect the treatment of a partnership item, in the course of applying the decision of a court in an action brought under section 6226, the taxpayer has six months to seek a refund. That is exactly what the IRS did in this case. The statutory language amply accounts for the plaintiffs' version of events and clearly indicates that the six-month limit applies to the Shanahans' case.

The Court therefore concludes that the Shanahans' refund claim is barred by the

statute of limitations.

## Conclusion

For the reasons stated above, the Court grants the government's motion to dismiss [docket no. 22]. The Clerk is directed to enter judgment in favor of the defendant.

```
                                    _____
                                          MATTHEW F. KENNELLY
                                          United States District Judge
```

Date: December 14, 2011